UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Harry McDaniel,

Plaintiff

v.

Christopher Steffan, et al.,

Defendants

Case No. 2:26-cv-00875-CDS-NJK

**Order Dismissing Case under Fed. R. Civ. P. 4(m)**

On October 7, 2026, the court notified plaintiff Harry McDaniel of its intent to dismiss under Federal Rule of Civil Procedure 4(m) for failure to serve Christopher Steffan, Cornelius Finley, and Gabriela Najera. ECF No. 9. That notice advised, "this action may be dismissed without prejudice as to [the defendants] unless proof of service is filed with the clerk by 11/06/2026." *Id.* The notice further advised that "[s]ervice on the [defendants] must have taken place prior to the expiration of the time limit set forth Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period" and that "[f]ailure to comply with this notice may result in dismissal of the action without prejudice as to said parties." *Id.* That deadline passed without notice of service.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." Fed. R. Civ. P. 4(c)(1).

On April 1, 2026, McDaniel was ordered to either file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee. ECF No. 5. McDaniel subsequently paid the filing fee. ECF No. 7. As a result, U.S. Magistrate Judge Nancy J. Koppe issued an order indicating that the court would not screen the complaint and this case would proceed on the standard litigation track. ECF No. 8. Due to McDaniel's payment on April 21, 2026, proof of service of the summons and complaint were due by July 20, 2026. *See* Fed. R. Civ. P. 4(m). By failing to serve the defendants within the timeframe imposed by Rule 4(m), this case is subject to dismissal. McDaniel's failure to prosecute this case by filing valid proof of service has caused unreasonable delay and halted the court's management of its docket. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). However, McDaniel has not offered any excuse for his failure to comply with the service requirement, and it is impossible to proceed without McDaniel's active and timely participation. This case cannot move toward disposition against the defendants without McDaniels's participation in this litigation. Despite the court's attempt to obtain a response through the notice of intent to dismiss, McDaniel has failed to respond or to move the case forward. As such, McDaniel's conduct indicates that he does not intend to litigate this action diligently.

Because McDaniel has not demonstrated that process has been served on the defendants within the time prescribed by Federal Rule of Civil Procedure 4(m), IT IS ORDERED that this case is dismissed without prejudice. The Clerk of Court is kindly instructed to close this case.

Dated: November 13, 2026

_________________________
Cristina D. Silva
United States District Judge